UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAN RICHARDS, | ) No. SACV 06-616 FFM |
| Plaintiff, | ) |
| | ) ORDER AWARDING ATTORNEY |
| v. | ) FEES PURSUANT TO 42 U.S.C. §406(b) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I.  INTRODUCTION

After remand, the Social Security Administration awarded plaintiff Jan Richards ("Plaintiff") $108,866.40 in gross retroactive benefits.  Now pending before the Court is the petition of Plaintiff's counsel, Bill LaTour, for attorney fees in the amount of $27,216.60 for his representation of Plaintiff in this matter.[1]

Defendant filed a response which neither opposes nor supports the petition.  Rather, Defendant's position is only that the requested fee must be "reasonable" under the guidelines enunciated in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  After careful consideration, the Court finds in this case that

---

[1]Plaintiff's counsel miscalculated 25 percent of the award as being $27,221.60.  Twenty-five percent of 108,866.40 is 27,216.60.  The Court assumes that Plaintiff's counsel does not intend to request an amount greater than 25 percent of the retroactive benefits.

$27,216.60 for 10.25 hours of work by Plaintiff's counsel and 16.40 hours of paralegal work is unreasonably excessive.

## II.  DISCUSSION AND ANALYSIS

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. §406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In *Gisbrecht*, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b).  Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807 (footnotes omitted).

In determining whether the $27,216.60 award sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors.  A number of these militate in favor of a substantial award.  First, under the

terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to fees corresponding to 25% of the past-due benefits awarded.  Plaintiff agreed to the 25% contingency and the $27,216.60 award would be exactly the agreed upon amount.[2] The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

Second, the $27,216.60 award sought by Plaintiff's counsel is not in excess of the 25% statutory limit.

Third, there is no excessive delay attributable to counsel which would unduly increase the past-due benefits accumulated during the pendency of the case in court.

Fourth, Plaintiff's counsel's services were not substandard.  He urged three grounds for reversing the adverse decision and, although the Court did not make an award of benefits, it did find it appropriate to remand for further proceedings on all three grounds.

Nonetheless, the Court is required to consider the overall reasonableness of the amount requested based on the character of the representation and the results achieved. In this regard, Plaintiff's counsel has the burden of demonstrating reasonableness. *Gisbrecht*, 535 U.S. at 807 ("the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered").  Yet, Plaintiff's counsel has not provided this Court with any information other than the contract to carry this burden.  Plaintiff's counsel merely states that he never charges an hourly rate and cites cases demonstrating that courts have awarded fees for as much as 117 hours of work. Presumably, the citations are intended to demonstrate that the time incurred herein was not excessive.  However, the ten and a quarter hours expended by

---

[2]  Plaintiff has already received $5,300.00 pursuant to §406(a), but has expressly stated that a deduction of that amount should be made from the amount sought herein.

Plaintiff's counsel is clearly not excessive.  The question here is what is an appropriate compensation for 10.25 hours of lawyer work and 16.40 hours of paralegal work under the circumstances of this case.  Particularly, it is appropriate for the Court to reduce the fee requested where "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808.

The Court begins this analysis with the observation that it is dealing with a contingency arrangement.  This case carried with it the risk of loss inherent in social security disability contingent-fee cases.  *See Faircloth v. Barnhart*, 398 F.Supp.2d 1169, 1173-74 (D.N.M.2005) (noting that "a report from the Social Security Advisory Board reveals that a mere 35% of claimants who file at the United States District Court level will obtain benefits," and that Congress enacted section 406(b) to curtail "abusive practices of a few attorneys who charged successful claimants anywhere from one-third to one-half of the accrued benefits awarded," but "Congress also sought 'to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees'") (quoting *Gisbrecht*, 535 U.S. at 804-805).  The thirty-five percent figure suggests that the average award of fees would need to be almost three times the regular hourly charge for the practitioner to average his hourly rate over all the social security cases he handles.  However, not every "win" is going to have a recovery large enough for 25% to be three times regular hourlies.  This observation suggests that the risk undertaken by the lawyer may be somewhat greater than the study indicates.  On the other hand, not all claimants are represented by counsel, which suggests that the survey results may be skewed in a direction suggesting greater risk than that expected to be experienced by the average attorney practicing in this field.  In addition, this study does not necessarily relate to Plaintiff's counsel's actual experience.

The Court also should take in to consideration that attorneys representing social security claimants often must wait years for payment.  Here, the Court notes that it issued its judgement remanding this case a little over a year ago.  The Court also notes that the vagaries identified above counsel against adopting any "rule of thumb" based

on percentages.

Defendant notes that subtracting the paralegal time at $115 per hour from the amount requested by Plaintiff's counsel results in an hourly rate to counsel of $2,471.77 [sic].[3]  Such a rate for a case such as this, which did not involve any novel or particularly complex issues, seems unreasonable, even given the risk undertaken by Plaintiff's counsel.

Although Plaintiff's counsel has provided no evidence of what compensation would be reasonable here, the Court has reviewed other decisions awarding fees in this context for some guidance.  *See, e.g., Ellick v. Barnhart*, 445 F.Supp.2d 1166, 1168-71 (C.D. Cal. 2006) (collecting extensive cases).  None of the cases reviewed by the Court resulted in an award that compensated counsel at an effective rate of as much as $1,000 per hour (or less than half of what Plaintiff's counsel is requesting here).

Although necessarily imprecise, in part because Plaintiff's counsel wholly failed to substantiate any reasonable rate for compensation in this case other than the contingency agreement, the Court will infer a regular hourly rate for Plaintiff's counsel of $250 and a rate for Plaintiff's counsel's paralegal of $130.  These figures result in unenhanced fees of $2,562.50 for counsel and $2,132 for counsel's paralegal for a total of $4,694.50.  Increasing this figure by 250%, to compensate for the risk and delay and to take into account the size of the award obtained, results in a total fee of $11,736.25.  The Court believes that this figure is in line with the results reached in the foregoing cases and provides counsel with reasonable compensation given the nature and circumstances of this case.  Given this conclusion, the Court finds that the $5,300.00 fee counsel already has received for work before the Commission should not be deducted from the present award.  Plaintiff's counsel's total fee for work before the commission and before this Court, therefore, will be $17,036.35, slightly less than 16%

---

[3]Sixteen and four tenths hours times $115 per hour equals $1,886.  Subtracting that figure from $27,216.60 equals $25,330.60.  25,330.6 divided by 10.25 equals 2,471.28.

of the retroactive benefits.

### III.  CONCLUSION

Based on the foregoing considerations, the Court finds and concludes that the $27,216.60 in fees sought by Plaintiff's counsel is unreasonable and would provide counsel with a windfall at Plaintiff's expense.  Attorney fees in the amount of $11,736.25 pursuant to 42 U.S.C. §406(b) are granted.  Upon payment by the Commissioner of $11,736.25 out of the withheld past-due benefits, Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee of $2,700 (which Defendant has already paid to Plaintiff's counsel).

IT IS SO ORDERED.


DATED:   May 8, 2009                              /S/ FREDERICK F. MUMM
                                                  FREDERICK F. MUMM
                                                  United States Magistrate Judge